UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA, for
the use of **DES ELECTRIC, LLC**, a
Michigan limited liability company,

    Plaintiff,

v

**PONTIAC DRYWALL SYSTEMS, INC.**,
d//b/a PDSI CONTRACTORS, INC., a
Michigan corporation; and
**LEXON INSURANCE COMPANY**,
a Texas corporation, jointly and severally,

    Defendants.

Case No. 2016- _____

Hon.: _____

Mag. Judge: _____

---

**CAVANAUGH & QUESADA PLC**
Peter J. Cavanaugh (P53537)
Todd W. Grant (P45531)
**Attorneys for Plaintiff DES Electric, LLC**
1027 S. Washington / Suite A
Royal Oak, MI 48067
(248) 543-8320
pcavanaugh@cqlawfirm.com
tgrant@cqlawfirm.com

---

**COMPLAINT FOR ACCOUNT STATED, FOR BREACH OF CONTRACT,
FOR CLAIM ON PAYMENT BOND, AND FOR UNFAIR TRADE PRACTICE**

NOW COMES the United States of America, for the use of DES ELECTRIC, LLC, by its

attorneys, Cavanaugh & Quesada, PLC, and for its Complaint against PONTIAC DRYWALL

SYSTEMS, INC. and LEXON INSURANCE COMPANY, jointly and severally, states as follows:

## JURISDICTION AND VENUE

1. This civil action involves claims under the Federal Miller Act, 40 U.S.C. §§ 3131-3134.

2. The civil action under the Miller Act must be brought "in the name of the United States for the use of the person bringing the action." 40 U.S.C. § 3133(b)(3)(A).

3. The civil action under the Miller Act must be brought in the United States District Court for any district in which the contract was to be performed and executed. 40 U.S.C. § 3133(b)(3).

4. The claims that have given rise to this action involved physical improvements and renovations at the Selfridge Air National Guard Base located in Harrison Township, Michigan, near Mount Clemens.

5. All parties conduct business in the Eastern District of Michigan.

6. All events giving rise to this civil action occurred in the Eastern District of Michigan.

7. Jurisdiction is appropriate in this Court.

8. Venue is appropriate in this Court.

## GENERAL ALLEGATIONS

9. Plaintiff DES Electric, LLC ("DES Electric") is a Michigan limited liability company with its headquarters and with the office of its registered agent located in Detroit.

10. Defendant Pontiac Drywall Systems, Inc. ("Pontiac Drywall") is a Michigan corporation with the office of its registered agent, Mr. Phalanda Travis, located at 20 West Huron Street, Pontiac, Michigan 48342.

11. Defendant Lexon Insurance Company ("Lexon") is a Texas Corporation, which is licensed to conduct insurance in Michigan. Its principal office is located at 10002 Shelbyville Road, Suite 100, Louisville, Kentucky 40223-2979. Its Michigan registered agent is CSC-Lawyers

      Incorporating Service Co., 601 Abbot Road, East Lansing, Michigan 48823.

12. The federal government contracted with Pontiac Drywall for renovations and improvements at the Selfridge Air National Guard Base, which is owned by the Army Contracting Command in Warren, Michigan. The project is specifically identified as project "W56HZV-13-C-L561, SANGB BLDG. 1426 Renovation" (the "Project").

13. On or about March 4, 2014, Pontiac Drywall and DES Electric entered into a Subcontract for DES to perform certain electrical work, specifically Subcontract #DESP013-001. (A full copy of this Subcontract is in the possession of Defendant Pontiac Drywall, and certain excerpts are attached as **Exhibit 1**.)

14. DES Electric furnished all materials in good condition, completed all deliveries, performed all work in a workmanlike manner, and otherwise fulfilled all of its requirements under the terms and conditions of its Subcontract with Pontiac Drywall.

15. DES Electric regularly submitted the required paperwork and invoices to Pontiac Drywall in order to be paid.

16. Pontiac Drywall paid for some (but not all) of DES Electric's completed work.

17. During the course of the work, Pontiac Drywall never voiced objections to either the quality of DES Electric's work or to DES Electric's invoices.

18. The final Subcontract amount, as adjusted by eight approved and signed change orders, was $486,037.53. (Copies of the eight change orders are attached, together, as **Exhibit 2**.)

19. Of this amount, Pontiac Drywall has paid DES Electric $417,947.00.

20. As shown by the attached Affidavit of Account Stated of DES Electric's Controller, Megan Keena, together with its Statement of Account (**Exhibit 3**), Pontiac Drywall still owes DES Electric the remaining balance of $68,090.53.

21. Despite demand, Pontiac Drywall has refused to pay this remaining balance to DES Electric.

22. As required by the Miller Act, Pontiac Drywall furnished a Payment Bond issued by Lexon as surety.  (A copy of the Payment Bond is attached as **Exhibit 4**.)

23. DES Electric's last day of work was April 23, 2015.

24. On June 10, 2015, within 90 days of when it last performed work and supplied labor, DES Electric timely made a claim against Lexon's Payment Bond.  (A copy of DES Electric's Notice of Claim and Payment is attached as **Exhibit 5**.)

25. This Complaint is timely under the Miller Act as it is being filed within one year of when DES Electric last performed work and supplied labor.

26. On June 18, 2015, Lexon wrote back to DES Electric acknowledging the Bond Claim of DES Electric for $68,090.53.  (A copy of Lexon's letter is attached as **Exhibit 6**.)

27. Per Lexon's request in its June 18, 2015 letter, DES Electric submitted the additional material Lexon requested, including a Proof of Claim.  (DES Electric's Proof of Claim is attached as **Exhibit 7**.)

28. DES Electric provided all the back-up materials Lexon requested.

29. Despite having received all requested material from DES Electric, Lexon has refused to pay DES Electric.

30. The $68,090.53 due and owing to DES Electric is verified in the attached Affidavit of Account along with its supporting Statement of Account (**Exhibit 3**).

**COUNT I – ACCOUNT STATED – DEFENDANT PONTIAC DRYWALL**

31. The allegations contained in the preceding paragraphs are hereby incorporated by this reference.

32. This Court has subject matter jurisdiction over this Count I under 28 U.S.C. § 1367.

33. From March 4, 2014 to April 23, 2015, DES Electric supplied materials and provided labor to Pontiac Drywall on open account for a total price of $486,037.53, as evidenced by the attached Subcontract, approved change orders, and Affidavit of Account and Statement of Account.  (See **Exhibits 1** through **3**.)

34. DES regularly invoiced Pontiac Drywall.  (See the Statement of Account in **Exhibit 3**.)

35. Pontiac Drywall accepted DES Electric's work.

36. Pontiac Drywall never objected to DES Electric's invoices, thereby rendering its open account with DES Electric as stated.

37. Despite repeated demand, Pontiac Drywall has failed and refused to pay any part of the outstanding balance owed to DES Electric of $68,090.53.

38. To date, there remains due and owing to DES Electric, over and above all legal set-offs and counterclaims, the principal amount of $68,090.53, plus interest, costs and attorney fees.

**WHEREFORE,** Plaintiff DES Electric, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Pontiac Drywall Systems, Inc. in the amount of $68,090.53, together with costs, interest and attorneys fees.

### COUNT II – BREACH OF CONTRACT – DEFENDANT PONTIAC DRYWALL

39. The allegations contained in the preceding paragraphs are hereby incorporated by this reference.

40. This Court has subject matter jurisdiction over this Count II under 28 U.S.C. § 1367.

41. Pursuant to the written Subcontract between DES Electric and Pontiac Drywall, DES Electric provided materials and labor.

42. DES Electric fully performed under the Subcontract.

43. Pontiac Drywall accepted DES Electric's materials and labor.

44. Pontiac Drywall, however, has failed to perform under the Subcontract by refusing to pay the balance it owes to DES Electric.

45. Pontiac Drywall's failure to pay is a material breach of the Subcontract.

46. As a direct result of Pontiac Drywall's breach of the Subcontract, DES Electric has been damaged in the amount of $68,090.53, plus interest, costs and attorney fees.

**WHEREFORE,** Plaintiff DES Electric, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Pontiac Drywall Systems, Inc. in the amount of $68,090.53, together with costs, interest and attorneys fees.

### COUNT III – PAYMENT BOND CLAIM – DEFENDANT LEXON

47. The allegations contained in the preceding paragraphs are hereby incorporated by this reference.

48. Lexon is the named surety on Pontiac Drywall's Payment Bond.  (See **Exhibit 4**.)

49. As described more specifically above, DES Electric timely made a claim on the Payment Bond, and it is timely filing this court action under the Miller Act.

50. Pursuant to the terms of the Payment Bond, Lexon is liable for the indebtedness of Pontiac Drywall to DES Electric for the labor and materials DES Electric furnished to the federal government's project in Warren, Michigan.

51. DES Electric has performed all conditions required for recovery against the Payment Bond.

52. Lexon, however, has failed to pay DES Electric under the Payment Bond for the amount of $68,090.53 now due and owing to DES Electric.

**WHEREFORE,** Plaintiff DES Electric, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Lexon Insurance Company in the amount of $68,090.53, together with costs, interest and attorneys fees.

### COUNT IV – UNFAIR TRADE PRACTICES ACT – DEFENDANT LEXON

53. The allegations contained in the preceding paragraphs are hereby incorporated by this reference.

54. This Court has subject matter jurisdiction over this Count II under 28 U.S.C. § 1367.

55. All conditions precedent to the liability of Lexon as surety under the Payment Bond have been performed or have occurred.

56. DES Electric is entitled to a judgment against Lexon.

57. Pursuant to the terms of the Payment Bond, Lexon is justly indebted to DES Electric in the amount of $68,090.53.

58. Lexon, however, has failed to pay DES Electric under the Payment Bond for the amount of $68,090.53 now due and owing to DES Electric.

59. On or about July 1, 2015, DES Electric furnished Lexon with an executed Proof of Claim and Affidavit. (See **Exhibit 7**.)

60. Lexon's principal, Pontiac Drywall, has admitted owing monies to DES Electric.

61. Therefore, the amount due and owing to DES Electric of $68,090.53 is not reasonably in dispute.

62. Yet, Lexon still refuses to pay DES Electric.

63. Lexon's failure to pay DES Electric the amount that is not reasonably in dispute is a violation of the Uniform Trade Practices Act contained in the Michigan Insurance Code, M.C.L. § 500.2006.

64. Lexon is liable to DES Electric, in addition to all other damages, for the 12 percent annual penalty interest under the Uniform Trade Practices Act, M.C.L. § 500.2006, for its failure to pay the amount owed to DES Electric within 60 days of July 1, 2015.

**WHEREFORE,** Plaintiff DES Electric, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Lexon Insurance Company in the amount of $68,090.53, together with costs, interest and attorneys fees, plus 12 percent annual penalty interest for its failure to timely pay the amounts owed to DES Electric, LLC.

Respectfully submitted,
**CAVANAUGH & QUESADA, PLC**

  /s/ Todd W. Grant
Peter J. Cavanaugh (P53537)
Todd W. Grant (P45531)
**Attorneys for Plaintiff DES Electric, LLC**
1027 S. Washington Ave., Ste A
Royal Oak, MI 48067
Date: March 11, 2016                    Tel: (248) 543-8320